A. Escudero, Plaintiff and Appellant, *v.* Elmer G. Porter, Defendant and Appellee.

No. 6263.   Argued May 9, 1934.—Decided May 31, 1934.

A. *Agosto* for appellant.   F. *Fernández Cuyar* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff, in an action for damages arising out of an alleged breach of contract, appeals from an adverse judgment and says that:

"*First error:* The court below erred in holding that, because plaintiff Escudero had bought the beans in question, after the breach of the contract by defendant Porter, paying the price in the manner required by said defendant Porter, he had waived his right to claim damages from the seller for nonperformance of the original contract.

"*Second error:* The court erred in holding that the plaintiff herein is not entitled to claim from defendant Porter the expenses incurred in cables as alleged in the complaint, which expenses were incurred in this case by defendant's fault.

"*Third error:* The court below erred in holding that the plaintiff herein is not entitled to claim from the defendant the reimbursement of what he paid for the storage of the said goods during the time they were stored on the docks of this city.

"*Fourth error:* The court below also erred in holding that plaintiff was not entitled to claim from defendant any sum on account of the short weight in the sacks of beans in question.

"*Fifth error:* That the court below erred in mulcting the defendant (*sic*) in costs.

"*Sixth error:* The court below erred in dismissing the action."

We need not set forth the correspondence which culminated in a final acceptance by plaintiff of the shipment upon terms which he agreed to in order to obtain possession of the beans. We agree with the district court in its conclusion that plaintiff, by his acceptance of delivery on the terms and conditions specified by Porter, waived any claim for damages that he might have had arising out of the difference between such terms and conditions and those previously discussed.

The last two cables that passed between plaintiff and Porter were as follows:

"Will close pending controversy paying $3,800 cash. Cable your acceptance and cable bank here to release documents against payment. Escudero."

"Will arrange bank delivery settlement you pay original draft only as contracted otherwise no further business. Porter."

Plaintiff then paid $3,920 and took possession of the beans. This settlement of "the pending controversy" was broad enough to include the cost of cables referred to in the second assignment, even though it should be conceded that this element of damages would not have been included in any event in the waiver by acceptance of delivery, and even though it should be further conceded that the district judge erred, as appellant now claims, in holding that the item of cable cost was a matter of *injuria non fit volenti.*

The same may be said of the storage charges mentioned in the third assignment.

The district judge held that plaintiff's action was barred because of his failure to present his claim within the time prescribed by the Code of Commerce. Appellant rests his fourth assignment on the statement that "given the conduct

814

of defendant'' the shortage in weight in the instant case comes within the provision of section 333 of the Code of Commerce rather than within that of section 336. Section 333 reads as follows:

"The damages and impairment suffered by merchandise after the contract has been consummated and the vendor has the goods at the disposal of the purchaser in the place and at the time agreed upon, shall be suffered by the purchaser, except in cases of carelessness or negligence on the part of the vendor."

In the absence of anything more than a vague reference to "the conduct of the defendant," the contention does not demand serious consideration.

We find no abuse of discretion in the award of costs.

The sixth assignment is not separately discussed by appellant but simply submitted by a reference to the argument under the first assignment. What we have said in disposing of the first assignment, therefore, also disposes of the sixth.

The judgment appealed from must be affirmed.